UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLETTE A. COLTON,

Plaintiff,

v.

A. OLA, et al.,

Defendants.

Case No. 1:26-cv-04887-EPG (PC)

ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS THAT THIS CASE PROCEED ONLY ON PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT A. OLA

(ECF No. 11)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

Plaintiff Charlette A. Colton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983 (ECF Nos. 1, 7). In her first amended complaint, Plaintiff sues Defendants A. Ola, Chief Medical Executive at Central California Women's Facility ("CCWF") and Jane or John Doe, Deputy Director, Policy and Risk Management Services for California Correctional Health Care Services ("CCHCS"), alleging her constitutional rights were violated when she was denied reconstructive surgery on her left breast after a specialist deemed it medically necessary. (ECF No. 11).

The amended complaint is now before the Court for screening. Upon review, the Court concludes that Plaintiff's first amended complaint should proceed past screening only on the

claim that Defendant A. Ola was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Moreover, because it is apparent from Plaintiff's amended complaint, the Court will recommend that Plaintiff's claim for equal protection in violation of the Fourteenth Amendment be dismissed without prejudice for failure to exhaust administrative remedies.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding in forma pauperis, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 7).

## II. INITIAL COMPLAINT AND SCREENING ORDER[1]

Plaintiff filed her initial complaint on June 25, 2026 concerning events that occurred at CCWF and sued (1) A. Ola, the Chief Medical Executive at CCWF; (2) Jane or John Doe, Deputy Director, Policy and Risk Management at CCHCS; and (3) Jane or John Doe, CCHCS. (ECF No. 1 at 3).

Plaintiff alleged that she was diagnosed with cancer in her left breast in 2023 and underwent lumpectomy surgery, chemotherapy, and radiation and experienced complications including blisters that required 40 treatments with hyperbaric oxygen. (*Id.* at 7). Plaintiff experienced ongoing complications, including smaller breast size than her right breast, deformity, and 7/10 pain in her left breast from the surgical scar. (*Id.* at 7, 11).

Plastic surgeon, Dr. Angela Rodriguez, examined Plaintiff and determined that breast reconstruction surgery "is medically necessary to address [Plaintiff's] severe psychosocial distress. Given this, the patient is a good candidate for breast reconstruction surgery." (*Id.* at 9).

---

[1] For readability, minor alterations, like omitting capitalization, have been made throughout to some of Plaintiff's quotations without indicating each change.

Dr. Rodriguez requested Plaintiff attend a follow-up visit in August of 2025, but Defendants Jane or John Doe, Deputy Director, Policy and Risk Management, at CCHCS directed Plaintiff be sent to a new surgeon, Dr. Freeman, stating that Dr. Rodriguez was only for transgender patients. (*Id.* at 4). Defendant Ola denied Plaintiff's grievance on May 11, 2026 and redirected Plaintiff to a different treatment plan that she was not seeking, including consultation with a lymphatic specialist. (*Id.* at 4, 13).

On March 17, 2026, Defendant Jane or John Doe, Deputy Director, Policy and Risk Management, at CCHCS, denied Plaintiff's grievance appeal for surgery and incorrectly stated on the grievance response that: "The surgeon determined you were not a candidate for an implant on the left side." (*Id.* at 5, 15-17).

Plaintiff sought $150,000 for mental suffering and an order from the Court that Dr. Rodriguez perform reconstructive surgery. (*Id.* at 6).

The Court screened Plaintiff's complaint on July 31, 2026 and concluded that she only stated a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants A. Ola and Defendant Jane or John Doe, Deputy Director, Policy and Risk Management Services for CCHCS on March 17, 2026. (ECF No. 8 at 6). The Court explained that:

> Although Plaintiff also names a third defendant, Jane or John Doe, "CCHCS," she does not identify this person by their title or role in her medical care. Instead, she appears to be using this designation as a placeholder for other potential defendants, which is improper. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978) (there must be an actual connection or link between defendants' actions and the deprivation allegedly suffered).

(*Id.*).

The Court's screening order gave Plaintiff leave to amend her complaint. (*Id*. at 6-7)

\\\

\\\

\\\

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[2]

Plaintiff filed her first amended complaint on September 23, 2026. (ECF No. 11). She again alleges that the events at issue occurred at CCWF and again sues (1) A. Ola, the Chief Medical Executive at CCWF; and (2) Jane or John Doe, Deputy Director, Policy and Risk Management at CCHCS.[3] (ECF No. 11 at 2, 4).

In her amended complaint, Plaintiff re-states most of the factual allegations from her original complaint. Plaintiff alleges that she was diagnosed with cancer in her left breast in November 2022 and underwent lumpectomy surgery, chemotherapy, and radiation with ongoing complications including smaller breast size than her right breast, deformity, and 7/10 pain in her left breast from the surgical scar. (*Id.* at 4).

Plastic surgeon, Dr. Angela Rodriguez, examined Plaintiff and determined that breast reconstruction surgery "is medically necessary to address [Plaintiff's] severe psychosocial distress. Given this, the patient is a good candidate for breast reconstruction surgery." (*Id.* at 15).

Dr. Rodriguez requested Plaintiff attend a follow-up visit in August of 2025, but Plaintiff was directed to a new surgeon, Dr. Freeman, stating that Dr. Rodriguez was only for transgender patients. (*Id.* at 3). Defendant Ola denied Plaintiff's grievance on May 11, 2026 and redirected Plaintiff to a different treatment plan that she was not seeking, including consultation with a lymphatic specialist. (*Id.*).

For the first time in her amended complaint, Plaintiff asserts a claim for violation of equal protection under the Fourteenth Amendment, alleging that another inmate received prompt and extensive reconstruction surgeries because the inmate is transgender. (*Id.* at 3). Plaintiff asserts that she did not receive equal treatment because of her "sexual orientation" and that she should "have the same rights as a transgender woman." (*Id.* at 5).

\\\

---

[2] For readability, minor alterations, such as changing punctuation and capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[3] Plaintiff did not name Jane or John Doe, "CCHCS," as a defendant in her amended complaint. (ECF No. 11).

While Plaintiff lists as a defendant "Jane or John Doe, Deputy Director, Policy and Risk Management, at CCHCS," she does not include any allegations against that Doe Defendant in her amended complaint.

Plaintiff now seeks $250,000 for mental suffering and an order from the Court that Dr. Rodriguez perform reconstructive surgery with "all medical and travel expenses paid."[4] (*Id.* at 5).

## IV. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007)

---

[4] Plaintiff is now participating a re-entry program at FCRP San Diego. (ECF No. 11 at 5).

(quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell*, 436 U.S. at 691.

**B. Deliberate Indifference to Serious Medical Needs**

Plaintiff's allegations implicate a claim for deliberate indifference to serious medical needs based on Defendant Ola's refusal to approve surgery that a specialist has deemed medically necessary.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 836–37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. "To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (internal quotation marks and citation omitted).

With these standards in mind, Plaintiff alleges that Dr. Rodriguez, a specialist, found left breast reconstructive surgery to be medically necessary to treat Plaintiff's "severe psychosocial distress." (ECF No. 11 at 3). Knowing the specialist's recommendation and the severity of Plaintiff's medical condition, Plaintiff alleges that Defendant Ola denied the surgery, redirected Plaintiff to another surgeon who did not recommend surgery, and then further directed her to other types of treatment that she did not request. (*Id.* at 3-5).

Based on the allegations in Plaintiff's amended complaint, the Court finds that, for purposes of screening, Plaintiff sufficiently alleges that Defendant Ola was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

However, because Plaintiff's amended complaint does not include any factual allegations against Defendant Jane or John Doe, Deputy Director, Policy and Risk Management, at CCHCS, the Court will recommend that Plaintiff's Eighth claims against that Doe Defendant not proceed past screening.

**C. Failure to Exhaust Equal Protection Claim**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes*, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, the Court finds that Plaintiff's equal protection claim under the Fourteenth Amendment is subject to dismissal without prejudice because Plaintiff states on the face of the amended complaint that she has not exhausted administrative remedies related to this claim.

In her initial complaint, Plaintiff made a single claim for deliberate indifference to

serious medical needs. (ECF No. 1). Under the "Exhaustion of Administrative Remedies" section of her initial complaint, Plaintiff was asked if the inmate appeal or administrative remedy process was completed, and she marked "Yes" and attached the final Headquarters response to her grievance asserting medical indifference for refusing reconstructive surgery. (*Id.* at 2, 15).

However, in her amended complaint, Plaintiff added a claim for equal protection under the Fourteenth Amendment. (ECF No. 11 at 3). In the "Exhaustion of Administrative Remedies" section of her amended complaint, Plaintiff was asked if the inmate appeal or administrative remedy process was completed, and she marked "No." (*Id.* at 2). When asked to explain why the administrative process is not completed, Plaintiff stated:

> Appeal sent on 5-27-2026 – have not received Headquarters level response back. No longer at CCWF, I am at FCRP San Diego, CA [presumably, Female Community Reentry Program] – waiting for response – have attached a copy of the appeal I have sent.

(*Id.*).

In reviewing the documents attached to Plaintiff's amended complaint, she includes a May 12, 2026 Institutional Level Response to her grievance, alleging in relevant part that she was "not receiving equal treatment as transgenders." (*Id.* at 6). Plaintiff filed an appeal on May 27, 2026 to the Institutional Level Response, and states in her appeal: "This is not right and unfair discrimination! Transgenders get the 'Best Breast Implants' but not a Cancer patient." (*Id.* at 9 (emphasis omitted)).

Plaintiff acknowledges that she has not received a Headquarters Level Response to her grievance appeal at the time of filing her amended complaint. (*Id.* at 2). Thus, Plaintiff's amended complaint indicates on its face that Plaintiff failed to satisfy the requirement that she exhaust all available administrative remedies prior to asserting her equal protection claim.

Accordingly, the Court will recommend that Plaintiff's equal protection claim under the Fourteenth Amendment be dismissed without prejudice.[5]

---

[5] The Court notes that this dismissal would be without prejudice and would not bar her from refiling this claim after exhausting her administrative remedies.

## V. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court has screened Plaintiff's first amended complaint and concludes that it only states a claim against Defendant Ola for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

The Court will recommend that all other claims and defendants be dismissed without further leave to amend. Notably, the initial screening order addressed similar allegations, advised Plaintiff how they were deficient, provided applicable legal standards, and granted her leave to amend. As such, the Court will not recommend that further leave to amend be granted.

Finally, the Court will recommend that Plaintiff's Fourteenth Amendment equal protection claim be dismissed without prejudice for failure to exhaust administrative remedies as seen from the face of her amended complaint.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court shall assign a District Judge to this case.

Furthermore, IT IS RECOMMENDED that:

2. This case proceed only on Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Defendant Ola; and
3. Plaintiff's Fourteenth Amendment equal protection claim against all defendants be dismissed without prejudice for failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to

challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 24, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE